O’Neall, J.
delivered the opinion of the Court.
The whole argument, on the part of the defendant, assumes as a fact, that which was denied by the plaintiff, and which, after being passed upon by the jury, and a verdict found for the plaintiff, must be regarded as not sustained by the proof; it is that James Baker was the agent of the plaintiff to collect the note, in whole or in part, and that he received the $200, in payment. This being thus excluded, by the verdict, it follows, that there is nothing in the defendant’s grounds of appeal. That a creditor is not bound, in Jaw, to accept a part of his or her debt, is, I think, too clear to be questioned. The authorities referred to, by Mr. Boylston, if there were any room for a question, certainly put .the matter at rest. For if a tender of part be not good, neither can a payment of part be. But it is an abuse of terms to call that a payment, which the party does not accept. The 88th case from Leonard, was where a contract is in the alternative to £20, or deliver 10 kine, — the Court held, to sustain *27 performance pleaded, both the money and the kine should be tendered. This was for the obvious reason, that the plaintiff, had an election to take one or the other, and hence to absolve the defendant, both must have been offered. That case abundantly proves, that nothing short of an offer to fully perform the contract, evidenced by a tender of every thing the plaintiff is entitled to, is enough. In Boyden v. Moore, administrator., Parsons, Chief Justice, states the law as I have always understood, and never supposed it to be doubted, “ that the defendant must take care, at his peril, to tender enough, and if he does not, and if the plaintiff replies, that there is more due than is tendered, which is traversed, the issue will be against the defendant, and it will be the duty of the jury to assess for the plaintiff, the sum due on the promise ; and if it be not covered by the money tendered, he will have judgment for the balance.”
5 Mass. Rep. 369.
The motion is dismissed.
Richardson, J. and Evans, J. concurred.